STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-03-568

NANCY HINDS-ALDRICH,

          Plaintiff

v.

ROBERT MATTHEWS and
SANDRA MATTHEWS,

          Defendants

**ORDER**

    This case comes before the Court on Defendant Sandra Matthews' Motion for Summary Judgment.

## FACTS

    In September 2002, Bobbie Matthews and his three pit bull terriers lived in his house in Standish, Maine. On September 23, 2002, Nancy Hinds-Aldrich left her home in Standish around 4:00 p.m. to take a walk. As she was turning a corner she was attacked by three dogs and bitten by at least one. She recognized one of the dogs as belonging to Bobbie Matthews. Nancy suffered severed and painful injuries as a result of this attack.

    Bobbie Matthews is forty-five years old man with significant mental health problems. Sandra Matthews is Bobbie's mother. Although Sandra owns her own home in South Portland, Maine, she is a joint owner of Bobbie's home.[1]

---

[1] In Sandra's deposition, ¶ 17, she states the reason she is a joint owner.

Sandra was appointed conservator for Bobbie to manage the funds that Bobbie received as a result of a settlement. Between 1997 and 2002, Sandra visited Bobbie a few times a week to help him cook and clean. She also had his bills forwarded to her house.

Sandra was familiar with Bobbie's dogs. In her deposition, she testified that the dogs probably jumped on the fence and growled at passersby. She testified that the only complaint about the dogs was them getting out every once in a while. She stated that she never knew of an incident where the dogs bit or otherwise harmed anyone. She maintained that she had no problem with the dogs when she visited Bobbie.

## DISCUSSION

In support of this motion, Sandra argues that she owed no duty of care to Nancy because she is not the possessor of the dogs and had no knowledge that they had dangerous propensities. In response, Nancy argues that by nature of Sandra being a joint-owner of Bobbie's property, she is a possessor of the property under the law, and therefore owes a duty to those outside her property pursuant to Maine law and Restatement (Second) of Torts § 364.[2]

---

My name is on that house because he has a lot of problems. He's very easily influenced. If somebody should say, Robert, I will give you such and such for that house, he would have sold it - - that house because he has issues.

[2] Nancy does not argue that Maine dog bite law supports her case. Pursuant to title 7 M.R.S.A. § 3961(2), when a dog injures a person who is not on the owner's or keeper's premises at the time of the injury, the *owner or keeper of the dog* is liable in a civil action to the person injured for the amount of the damages. Here, neither of the parties dispute that Bobbie was the owner of the dogs. The Law Court has defined the term "keeper" in this context as one who has "care, custody, and control" of the dog. *Parrish v. Wright*, 2003 ME 90, ¶ 11, 828 A.2d 778, 781 (holding that parents of an adult daughter were not keepers of her dog when it bit someone while the daughter was staying at the parents' summer home). Here, the facts before the Court do not support a finding that Sandra had care, custody, and control over the dogs.

Regarding dog-bite cases, the Law Court has held that a property owner does not have a duty to train the animals of those the owner permits onto the property. *Parrish*, 2003 ME 90, ¶ 19, 828 A.2d at 783. It has also held that a property owner not on the premises does not have a duty

2

In determining whether to grant summary judgment, the Superior Court views the evidence in the light most favorable to the party against whom judgment has been entered to decide whether the parties' statements of material facts and the referenced record evidence reveal a genuine issue of material fact. *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A fact becomes material when it has the potential to affect the outcome of the suit. *Id.* "A genuine issue exists when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Id.* (quoting *Bay View Bank v. Highland Golf Mortgagees Realty Trust*, 2002 ME 178, P9, 814 A.2d 449, 452).

On this negligence claim, Nancy bears the burden of making a prima facie showing that Sandra owed a duty of care to Nancy in order to avoid summary judgment. *Parrish*, 2003 ME 90, ¶ 18, 828 A.2d at 783. The existence of a duty is a question of law. *Id.* The law recognizes that a duty is an obligation to conform to a particular manner of conduct toward another. *Id.*

The Law Court has recognized that a possessor of land owes a duty of care to those outside her property who are injured by a dangerous condition on the land if the possessor realizes or should realize that the condition will involve an unreasonable risk of ham.[3] *Parrish*, 2003 ME 90, ¶ 20, 828 A.2d 778, 783;

---

to require invitees or licensees to control their dogs. *Stewart v. Aldrich*, 2002 ME 16, ¶¶ 11-17, 788 A.2d 603, 607-08.

[3] In *Parrish*, the Law Court cited to Restatement (Second) of Torts § 364, although that section addresses liability to those outside the property for the creation or maintenance of a dangerous artificial condition. Section 364 provides:

Creation or Maintenance of Dangerous Artificial Conditions

A possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of such harm, if

(a) the possessor has created the condition, or

Restatement (Second) of Torts § 364. In *Parrish*, parents of a young woman allowed her to use their summer camp while they were away. *Id.* at ¶ 2. While the young woman was staying at the summer camp, her dog escaped from the property and bit the plaintiff. *Id.* at ¶ 3. The Court found that the parents owed no duty of care to the plaintiff because the plaintiff did not present any evidence that the parents had any knowledge of any dangerous propensities of the dog.[4] *Id.* at ¶ 20. The Court affirmed the trial court's grant of summary judgment for the parents.

The two questions before the Court are 1) whether Sandra was a possessor of the land and, if so, 2) whether she realized or should have realized that Bobbie's dogs posed an unreasonable risk of harm due to their dangerous propensities. A possessor of land is a person who is in occupation of the land, has been in occupation of the land, or a person who is entitled to immediate occupation of the land if no other person is in possession of the land. Restatement (Second) of Torts § 328E. Here, the fact that Sandra visited her son with significant health problems to help him clean and cook only indicates that Sandra is a mother who cares for the wellbeing of her son. However, as joint-owner of the land, it seems clear that although Sandra did not occupy the land, she would have been entitled to do so even though Bobbie physically possessed

---

(b) the condition is created by a third person with the possessor's consent or acquiescence while the land is in his possession, or

(c) the condition is created by a third person without the possessor's consent or acquiescence, but reasonable care is not taken to make the condition safe after the possessor knows or should know of it.

Restatement (Second) of Torts § 364.

[4]    Parrish asserted that a woman told him that the dog had killed another dog in Atlanta. However, the parents provided the Court with an affidavit from the same woman stating that she had never seen the dog attack or kill a person or animal.

the land. The pivotal question in this case is whether Nancy has demonstrated evidence establishing that Sandra realized or should have realized that Bobbie's dogs posed an unreasonable risk of harm.

The strongest evidence that Nancy has presented is that Sandra admitted that the dogs barked, jumped against the fence, and sometimes growled at people walking by. A reading of Sandra's deposition reveals that the only complaint about the dogs was about them getting out every once in a while. To Sandra's knowledge, this only upset Bobbie. The deposition further reveals that Sandra was comfortable around the dogs. This evidence is not enough to establish that the dogs had dangerous propensities. It merely demonstrates that they were excitable dogs. It certainly does not establish that Sandra knew of any dangerous propensities of the dogs.

While Nancy argues that a jury should determine whether Sandra's statements are credible, it is Nancy's burden to establish Sandra's legal duty by demonstrating that Sandra realized or should have realized that the dogs posed an unreasonable risk of harm. See *Parrish*, at ¶ 20. Absent this demonstration, the Court cannot conclude that Sandra owed a legal duty of care to Nancy.

The entry is:

Defendant Sandra Matthews' Motion for Summary Judgment is GRANTED. Sandra Matthews did not owe a duty of care to Nancy Hinds-Aldrich.

DATE: _February 27, 2006_

Roland A. Cole
Justice, Superior Court

JULIAN SWEET ESQ
PO BOX 961
LEWISTON ME 04243

_P|

COURTS
nd County
ox 287
ne 04112-0287

ROBERT MORRIS ESQ
52 CENTER STREET
PORTLAND ME 04101

*Bobbie Matthews*

OF COURTS
erland County
O. Box 287
Maine 04112-0287

KENNETH PIERCE ESQ
PO BOX 7046
PORTLAND ME 04112

*Robert Matthews*